STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0057

MAYO WHITTON, DEA WHITTON, CHRIS WHITTON, CODY
WHITTON, SHIRAS WHITTON, INDIVIDUALLY, AND ON
BEHALF OF HIS MINOR CHILD RYLANCE C. WHITTON

VERSUS

THE LOUISIANA HOUSING FINANCE AGENCY, ASD
CONSULTANT, INC., LOUISIANA SYSTEMS BUILT HOME, LLC

Judgment Rendered: **NOV 0 7 2025**

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 591359 • Sec. 22

Honorable Beau M. Higginbotham, Judge Presiding

* * * * *

| | |
|---|---|
| J. Arthur Smith, III<br>Seth M. Dornier<br>J. Arthur Smith, IV<br>Baton Rouge, Louisiana | Counsel for Appellants-Plaintiffs,<br>Mayo Whitton, Dea Whitton, Chris<br>Whitton, Cody Whitton, Shiras<br>Whitton, and Rylance C. Whitton |
| J. Wendell Clark<br>David L. Guerry<br>Sharon S. Whitlow<br>Mark L. Barbre<br>Baton Rouge, Louisiana | Counsel for Appellee-Defendant,<br>Louisiana Housing Corporation,<br>formerly Louisiana Housing Finance<br>Agency |
| Arthur W. Landry<br>Jeanne A. Landry<br>New Orleans, Louisiana | Counsel for Appellee-Defendant,<br>ASD Consultants, Inc. |

Keely Y. Scott
Christopher J. Bourgeois
Kaitlyn J. Dyer
Autumn M. Coe
Baton Rouge, Louisiana

Counsel for Appellee-Defendant,
Bastoe Plumbing, LLC

* * * * *

BEFORE:  LANIER, WOLFE, AND HESTER, JJ.

**HESTER, J.**

The plaintiffs appeal the trial court's grant of the defendant's motion for partial summary judgment. For the following reasons, we dismiss the appeal as untimely.

## FACTS AND PROCEDURAL HISTORY

On June 7, 2010, the plaintiffs, Mayo Whitton[1], Dea Whitton, Chris Whitton, Cody Whitton, and Shiras Whitton, individually and on behalf of his minor child, Rylance C. Whitton (collectively "the Whittons") filed a Petition for Damages, naming defendants including the Louisiana Housing Finance Agency (now Louisiana Housing Corporation) ("LHC") and ASD Consultants, Inc. ("ASD"). In their petition, the Whittons sought damages arising from their allegedly defective modular home constructed by ASD and obtained *via* a grant through the Louisiana Restore Share Grant Program administered by LHC. The Whittons contended that there were several defects in the modular home including defects that caused water intrusion that resulted in toxic mold. The Whittons alleged that the "defendants' repeated negligence in failing to repair the home, mitigate the water damage, and remediate the mold" resulted in the family suffering "coughing, sinus congestion, chest pain, compromised immune system, neurological damage and fungal growth in open sores."

On May 27, 2016, ASD filed a Motion for Summary Judgment, Alternatively, Motion for Partial Summary Judgment contending that the Whittons' claims were controlled by the New Home Warranty Act, La. R.S. 9:3141 ("NHWA"). ASD contended that the NHWA prevented the Whittons from recovering any damages they sought in their petition except to the extent that they can prove a "major structural defect" due to alleged defective workmanship. Specifically, ASD

---

[1] Mayo Whitton died on October 23, 2019, and in an order signed on May 17, 2022, Dea Whitton was substituted as plaintiff in the place of Mayo Whitton.

3

contended that the Whittons were not able to recover "damages for bodily injury or damage to personal property," "consequential damages," or "mold and mold damage."

ASD's motion came before the court for a hearing on November 21, 2016. On May 5, 2017, the trial court signed a judgment ordering in pertinent part:

> IT IS ORDERED that the Motion for Partial Summary Judgment of ASD Consultants, Inc. is hereby GRANTED. All claims asserted by all plaintiffs herein against ASD Consultants, Inc. for any damages other than those allowed under the New Home Warranty Act ... and specifically, all claims asserted by plaintiffs herein against ASD Consultants, Inc., for any damages other than those representing "major structural defects" in the subject premises ... are hereby DISMISSED with prejudice.
> . . .
> IT IS FURTHER ORDERED that this Judgment is hereby designated as a final judgment by the Court, having made the express determination that there is no just reason for delay.

Notice of this judgment was mailed on May 9, 2017.

On September 19, 2017, the Whittons filed a Motion to Modify the May 5, 2017 judgment, asserting that they did not receive notice of the judgment until August 1, 2017, and asking the trial court to "clarify and confirm the prospective appealability of this judgment and to preserve the plaintiffs' right to appeal this judgment." ASD opposed the motion, contending that the new trial and appeal delays had run and that the Whittons were attempting to extend the appeal delays. The trial court denied the motion on December 22, 2017. The Whittons applied for supervisory writs with this court as well as with the supreme court. On November 14, 2018, the supreme court denied the Whittons' writ application.

On October 25, 2022, ASD filed another Motion for Summary Judgment, seeking to dismiss all of the Whittons' claims against it with prejudice. On March 15, 2023, the trial court signed a judgment, granting ASD's Motion for Summary Judgment and dismissing the Whittons' claims against ASD in their entirety. On November 15, 2022, LHC filed a Motion for Summary Judgment, seeking dismissal

of all the Whittons' claims against it. On February 27, 2023, the trial court signed a judgment, granting LHC's Motion for Summary Judgment and dismissing the Whittons' claims against LHC.

On March 21, 2023, the Whittons filed a Petition for Devolutive Appeal, seeking to appeal: the judgment signed on May 5, 2017, as to ASD; the judgment signed on February 27, 2023, as to LHC; and the judgment signed on March 15, 2023, as to ASD. On March 29, 2023, the trial court signed an order granting a devolutive appeal from the foregoing three judgments. This appeal is of the judgment signed on May 5, 2017.

On January 15, 2025, ASD filed with this court an Answer and Objection to the Petition for Devolutive Appeal citing no objection to the appeal of the judgments signed in 2023, but contending that the Whittons' appeal from the May 5, 2017 judgment granting partial summary judgment in favor of ASD was untimely. Additionally, this court issued a Rule to Show Cause Order ordering the parties to show cause whether this appeal should or should not be dismissed as untimely. This court's rule to show cause was referred to the panel to which this appeal was assigned. **Mayo Whitton, et al. v. The Louisiana Housing Finance Agency, ASD Consultant, Inc., Louisiana Systems Built Home, LLC**, 2025 CA 0057 (La. App. 1st Cir. 5/19/25)(unpublished).

## LAW AND ANALYSIS

Louisiana Code of Civil Procedure article 2087(A)(1) provides that an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of the expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by La. Code Civ. P. arts. 1974 and 1811, if no application has been filed timely. Louisiana Code of Civil Procedure article 1974 states that "[a] party may file a motion for a new trial not later than seven days, exclusive of legal holidays, after the clerk has mailed or

5

delivered in open court, or the sheriff has served, the notice of judgment as required by Article 1913."

Appellate courts do not acquire jurisdiction of an appeal that is not timely perfected. See **Bridges v. Baton Rouge General Medical Center**, 2020-0270 (La. App. 1st Cir. 12/30/20), 317 So. 3d 662, 684, writ denied, 2021-00144 (La. 4/7/21), 313 So. 3d 985. The appeal delays found in La. Code Civ. P. art. 2087 are not prescriptive periods that are subject to interruption; these time limits are jurisdictional. An appellant's failure to file a devolutive appeal timely is a jurisdictional defect, in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has lapsed. **Phillips v. Exxon Chemical Louisiana, LLC**, 2022-1290 (La. App. 1st Cir. 6/23/23), 370 So. 3d 738, 741, writ denied, 2023-01122 (La. 11/21/23), 373 So. 3d 451.

Herein, notice of the May 5, 2017 judgment designated as final was mailed on May 9, 2017. As such, the delay for filing a motion for new trial expired on May 16, 2017, and the Whittons did not file a timely motion for new trial. Thus, the delay for filing a devolutive appeal expired on Monday, July 17, 2017. The Whittons' petition for appeal of the May 5, 2017 judgment was not filed until nearly six years later, on March 21, 2023. As the Whitton's appeal was not timely filed, this court is without jurisdiction to hear this appeal and must dismiss it as untimely.

## CONCLUSION

For the foregoing reasons, the rule to show cause is granted, and the appeal of the May 5, 2017 judgment is dismissed. All costs of this appeal are assessed to the plaintiffs/appellees, Dea Whitton, Chris Whitton, Cody Whitton, and Shiras Whitton, individually and on behalf of his minor child, Rylance C. Whitton.

**APPEAL DISMISSED.**